# EXHIBIT A

DB

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT SIMS,

    Plaintiff,

vs.

Case No. 17-   -NI
Hon.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, a Foreign Corporation,
and FRANCES WOODWARD,
and JOHN OSBORNE,

    Defendants.
_____/

17-008490-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/8/2017 2:52:24 PM
CATHY M. GARRETT

STEVEN W. REIFMAN (P25208)
Attorney for Plaintiff
Reifman Law Firm, P.L.L.C.
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000
_____/

There is no other civil action arising out of the same transaction or occurrence as alleged in this Complaint pending in this court nor has there been previously filed and dismissed after having been assigned to a judge.

/s/ Steven W. Reifman

Steven W. Reifman, Attorney for Plaintiff

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, by and through his Attorneys, Reifman Law Firm, P.L.L.C., and hereby files Plaintiff's Complaint as follows:

### Common Allegations

1. That Plaintiff was at all at all times relevant hereto a resident of the County of Wayne, in the State of Michigan.

2. That the Defendant, Frances Woodward, (hereinafter "Defendant Driver" and/or "Defendant Woodward") was at all times relative hereto a resident of the City of Naperville, County of DuPage, in the State of Illinois.

-1-

2.1     At all times relevant hereto, Defendant Woodward was the owner of the vehicle in which Plaintiff was riding as a passenger in on or about June 9, 2016, subjecting her to liability pursuant to MCL 257.401 et. seq.

2.2     That the Defendant, John Osborne, (hereinafter "Defendant Driver" and/or "Defendant Osborne") was at all times relative hereto a resident of the City of Windsor, Ontario, Canada.

2.3     At all times relevant hereto, Defendant Osborne was the owner of the vehicle which hit the vehicle Plaintiff was riding as a passenger in on or about June 9, 2016, subjecting him to liability pursuant to MCL 257.401 et. seq.

2.4     That a potentially uninsured driver (hereinafter "Uninsured Driver") was involved in this collision.

3.      That the Defendant, Allstate Insurance Company (hereinafter referred to as "Allstate" and/or "Defendant Insurance Company") is a Foreign Corporation licensed to sell insurance in the and with sufficient minimum contacts with the State of Michigan.

4.      That the incident/accident complained occurred in Wayne County, Michigan.

5.      That on or about June 9, 2016, Defendant Insurance Company was the insurer under the Michigan No-Fault Automobile Insurance.

### Factual Allegations

6.      That on said date, Defendant Osborne was the driver and operator of a vehicle traveling eastbound on 8 Mile Rd., at or near its intersection with Goddard St., and Defendant Woodward was the driver and operator of a vehicle in which Plaintiff was riding as a passenger in, traveling eastbound on 8 Mile Rd., at or near its intersection with Goddard St., when the Defendants lost control of the vehicles and/or failed to yield and crashed into each other in the County of Wayne, and in the State of Michigan.

7.      At all times relevant hereto, Defendant Osborne and Defendant Woodward owned the vehicles driven by them on the date of the accident.

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

7.1 That a potentially uninsured driver was involved in this collision.

8. That Defendants then and there owned and maintained and operated their motor vehicle in a careless, negligent, reckless and unlawful manner, as hereinafter specified, and as a direct and proximate result thereof, Defendants caused Plaintiff to sustain severe, serious and permanent injuries to be hereinafter described.

9. That Plaintiff was not guilty of any negligence which in any manner contributed to the happening of this incident or the infliction upon Plaintiff of the injuries as hereinafter set forth.

10. That the damages suffered by Plaintiff herein are in a dollar amount in excess of Twenty Five Thousand ($25,000.00) Dollars.

## COUNT I: NEGLIGENCE OF DEFENDANT DRIVERS

11. That Plaintiff hereby re-alleges and re-incorporates paragraphs 1 through 10 as if fully restated herein.

12. That on or about the aforementioned date, Defendant Woodward and Defendant Osborne did unlawfully operate the vehicles owned by them and did cause grievous harm to Plaintiff as indicated in detail below.

13. That the Defendants were charged with the rules of the road and Statutes of the State of Michigan and did fail in that regard as indicated below.

14. That Defendants owed a duty to Plaintiff to use due care and caution in the operation and control of the motor vehicles, and were required to drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiff and to obey the Motor Vehicle Code of the State of Michigan, and the rules of the common law.

15. That contrary to the duties owed to Plaintiff, Defendants negligently, unlawfully, and/or in a grossly negligent, willful and wanton manner, operated said motor vehicles such that Defendants lost control and crashed the vehicles, injuring Plaintiff.

16. That Defendants breached the duties owed in the following manner:

a. Operated said vehicle without having it under constant control;
b. Failed to make proper observation and failed to observe the presence of other

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

-3-

      users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

c. Operated said vehicle in a careless and heedless manner, without due regarding for the rights and safety of others, particularly the Plaintiff herein, and operated said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property in violation of Michigan Statute;

d. Failed to maintain the horn, brakes and other equipment of his/her motor vehicle in good working order as required by Michigan Statute, and/or failed to sound the horn of his vehicle or to apply the brakes when, in sufficient time to take such action, he/she saw or should have seen that it was necessary to avoid a collision;

e. Failed to use ordinary care in the operation of a motor vehicle;

f. Operated said vehicle in a reckless manner;

g. Operated said vehicle while intoxicated and/or under the influence of intoxicating liquor with driving ability impaired in violation of Michigan Statute;

h. Operated said vehicle at a speed in excess of the legal rate of speed posted or otherwise provided;

i. Overtook and struck the rear of said vehicle proceeding in the same direction as it was lawfully slowing down, stopped, and/or proceeding on said highway;

j. Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, having due regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater than would permit it to be brought to a stop within the assured clear distance ahead, and failed to bring the vehicle to a stop within the assured clear distance ahead, in violation of Michigan Statute;

k. Defendant owner is guilty of independent negligence to Plaintiff by carelessly entrusting the operation of said motor vehicle to a person who was unfit to operate a vehicle on the highways of this state by reasons of his/her inexperience and/or habitually negligent driving which was known to Defendant owner or, in the exercise of reasonable care, should have been known to Defendant owner;

l. Failed, upon approaching an open intersection, to yield the right-of-way to another vehicle simultaneously entering an open intersection from the right, in violation of Michigan Statute;

m. Failed, upon approaching an open intersection, to yield the right-of-way to another vehicle which had already entered the intersection from a different highway, in violation of Michigan Statute;

n. Failed, upon approaching an intersection where there was a sign bearing the message "yield right of way," to stop or slow to a reasonable speed and to yield the right-of-way to all traffic on the intersecting street which was so close as to constitute an immediate hazard, in violation of Michigan Statute;

o. Failed to obey the red light of the traffic control signal facing him/her, and failed to come to a stop before entering the intersection, and failed to remain standing until green was shown alone, in violation of Michigan Statute;

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

-4-

  p. Operated said vehicle on the left half of the highway in violation of Michigan Statute;
  q. Failed to approach for a right turn as close as practical to the right-hand curb or edge of the roadway and/or failed to make a right turn from the lane as close as practical to the right-hand curb or edge of the roadway in violation of Michigan Statute;
  r. Failed to observe traffic signals and/or signs placed on said highway, and failed to obey said traffic signals and/or signs;
  s. Failed to give any signal by hand, arm, mechanical or electrical means to signal or warn others that Defendant was going to move his/her vehicle from one lane to another on the highway, and/or illegal turn, in violation of Michigan Statute;
  t. Failed to drive his vehicle as nearly as practicable entirely within a single lane;
  u. Operated said vehicle from one lane to another lane of traffic without first ascertaining that such movement could be made safely;
  v. Failed to remain at the scene of a personal injury accident, provide information and give or offer assistance to the injured, in violation of Michigan Statute;
  w. Intending to turn left, did not yield the right-of-way to Plaintiff's vehicle, which was closely approaching from the opposite direction, in violation of Michigan Statute;
  x. Before turning left, did not ascertain that such movement could be made safely and did not give a warning signal to other drivers, in violation of Michigan Statute;
  y. Failed, upon approaching an intersection where there was a sign bearing the message "stop," to stop and yield the right-of-way to all traffic on the intersecting street, which was so close as to constitute an immediate hazard;
  z. Failed to obey the flashing red light of the traffic control signal facing Defendant, and failed to come to a stop before entering the intersection, and failed to remain stopped until all traffic on the intersecting street, which was so close as to constitute an immediate hazard, had passed;
  aa. Driving said vehicle upon the highway or other places open to the general public without lighted lamps and illuminating devices as required under the conditions then and there existing in violation of Michigan Statute.
  bb. That Defendant Owner is subject to civil liability pursuant to MCL 257.401 et. seq.

all of which are contrary to the duties herein set forth in the above paragraphs, and said acts were a direct and proximate cause of the aforesaid collision.

  17. That Plaintiff, as a result of the motor vehicle accident indicated above, has incurred injuries and damages including but not limited to: Pain and suffering; Serious Impairment of Bodily Functions; Permanent Serious Disfigurement; Medical Bills and Expenses, past, present and future;

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

18.     That these injuries did result in a serious impairment of bodily function and/or permanent serious disfigurement to Plaintiff.

WHEREFORE, Plaintiff prays that he be awarded Judgments against Defendants, in Plaintiff's favor in amounts in excess of $25,000.00 together with interest, costs and attorney fees and whatever further equitable relief to which he may be entitled.

### COUNT II: CLAIM FOR PERSONAL PROTECTION BENEFITS

19.     That Plaintiff herein realleges and reincorporates paragraphs 1 through 18 as though fully restated herein.

20.     That on the aforementioned date, Defendant Insurance Company was a Foreign Corporation with offices located in the State of Michigan, and with sufficient minimum contacts with the State of Michigan, County of Wayne, and was the insurer under the Michigan No-Fault Insurance.

21.     That subsequent to the accident, Plaintiff has incurred substantial medical expenses, replacement services expenses, attendant nursing care expenses, lost wages, mileage to medical facilities, and other out of pocket expenses which have not been paid to them although they have made various demands.

22.     That Plaintiff is specifically entitled to attorney fees pursuant to MCLA 500.3148 and to statutory interest since those benefits have been wrongfully refused although so demanded.

23.     That on said date and at all times material herein, pursuant to MCLA Sec. 500.3101, et seq., there was an insurance policy in full force and effect which provided Personal Protection Benefits to Plaintiff, including the following:

a.      Loss of income for the first three (3) years after the date of accident;

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

-6-

     b.     Expenses (maximum $20.00 per day) reasonably incurred for necessary services in lieu of those the injured Plaintiff would have performed for the benefit of Plaintiff or Plaintiff's dependents;

     c.     For all reasonable charges, unlimited in amount, for medical and/or rehabilitative expenses and hospital charges;

     d.     Reasonable and necessary travel expenses to obtain medical care or attention.

     e.     Reasonable and necessary attendant care.

24. That as a result of said automobile accident, the Plaintiff incurred:

a. medical;
b. hospital expenses;
c. lost earnings;
d. lost services and other expenses which the Defendant is obligated to pay.
e. attendant care services

25. That although demand for payment of the same has been made, the Defendant Insurance Company unreasonably and unlawfully refuses or neglects to pay Plaintiff all Personal Protection Benefits in accordance with MCLA 500.3101 et seq.

26. That although reasonable proof has been supplied, the Defendant Insurance Company has unreasonably refused to make payment in accordance with MCLA 500.3101, et seq., although more than thirty (30) days has passed since supplying Defendant Insurance Company with same.

27. That all conditions precedent to recovery have been performed or have occurred.

28. That although requested to do so, Defendant Insurance Company has failed or refuses and/or neglected to pay Plaintiff benefits provided in accordance with MCLA 500.3101 et seq., under said policy of insurance and as of this date, Defendant Insurance Company owes Plaintiff for:

     a.     Loss of income for the first three (3) years after the date of accident;

     b.     Expenses (maximum $20.00 per day) reasonably incurred for necessary services in lieu of those the injured Plaintiff would have performed for the benefit of Plaintiff or Plaintiff's dependents;

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

    c.    For all reasonable charges, unlimited in amount, for medical and/or rehabilitative expenses and hospital charges;
    d.    Reasonable and necessary travel expenses to obtain medical care or attention.
    e.    Reasonable and necessary attendant care.

29. That your Plaintiff has suffered and continues to suffer dire and imminent financial hardship by Defendant Insurance Company's wrongful acts and in this regard is without an adequate remedy at law, pursuant to the Michigan No-Fault Act.

30. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) dollars and that declaratory and/or equitable relief is sought.

WHEREFORE, Plaintiff demands the following relief:

a. That this Court grant judgment against the Defendant Insurance Company in whatever amount Plaintiff is found to be entitled, together with interest, costs and actual attorney fees for Defendant's unreasonable and unlawful failure to pay said no-fault benefits.
b. That the Court order the speedy hearing of this action and advance it on the calendar as made and provided in MCR 2.605(D);
c. That this Court issue an Order to Show Cause;
d. That the Court grant such further relief as is necessary and proper in the above cause.

31. That the subject insurance policy is the appropriate insurance policy that covers Plaintiff under the system of priorities under the Michigan Motor Vehicle No Fault laws.

WHEREFORE, Plaintiff prays that Plaintiff be awarded judgment in his favor against Defendant Insurance Company, in an amount in excess of Twenty Five Thousand ($25,000.00) Dollars plus costs, interest, attorney fees, statutory attorney fees and whatever further equitable relief to which he may be entitled.

## COUNT III: UNINSURED MOTORIST BENEFITS

32. That Plaintiff hereby re-alleges and reincorporates by reference paragraphs 1 through 31 as though fully alleged herein.

33. That Plaintiff has at all times pertinent hereto been a resident of the county

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

referenced above, in the State of Michigan.

34. That Defendant Insurance Company is a corporation authorized to do business in the State of Michigan with offices in the County of Wayne, State of Michigan.

35. That Defendant Insurance Company is in the business of selling automobile insurance.

36. That the Defendant Insurance Company is a corporation conducting business in the County of Wayne, and is otherwise doing business and/or established in the County of Wayne, State of Michigan.

37. That on the aforementioned date Plaintiff was riding as a passenger in a vehicle.

38. That on said date and time, Defendant Driver/Uninsured Driver operated said motor vehicle in a manner set forth above.

39. That at said time and place, the vehicle Plaintiff was a passenger in was involved in a collision with another vehicle.

40. That on the date and time aforesaid, the Uninsured Driver/Owner failed to maintain valid car insurance and/or did not produce insurance information, and further owed duties to Plaintiff to operate said motor vehicle with reasonable care and caution under the Motor Vehicle Code of the State of Michigan, and the common law in such case made and provided, but breached said duties in at least one or more of the following particulars, so far as it is presently known:

    a. Operated said vehicle without having it under constant control;
    b. Failed to make proper observation and failed to observe the presence of other users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;
    c. Operated said vehicle in a careless and heedless manner, without due regarding for the rights and safety of others, particularly the Plaintiff herein, and operated

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property in violation of Michigan Statute;

d. Failed to maintain the horn, brakes and other equipment of his motor vehicle in good working order as required by Michigan Statute, and/or failed to sound the horn of his vehicle or to apply the brakes when, in sufficient time to take such action, he saw or should have seen that it was necessary to avoid a collision;

e. Failed to use ordinary care in the operation of a motor vehicle;

f. Operated said vehicle in a reckless manner;

g. Operated said vehicle while intoxicated and/or under the influence of intoxicating liquor with driving ability impaired in violation of Michigan Statute;

h. Operated said vehicle at a speed in excess of the legal rate of speed posted or otherwise provided;

i. Overtook and struck the rear of said vehicle proceeding in the same direction as it was lawfully slowing down, stopped, and/or proceeding on said highway;

j. Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, having due regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater than would permit it to be brought to a stop within the assured clear distance ahead, and failed to bring the vehicle to a stop within the assured clear distance ahead, in violation of Michigan Statute;

k. Defendant owner is guilty of independent negligence to Plaintiff by carelessly entrusting the operation of said motor vehicle to a person who was unfit to operate a vehicle on the highways of this state by reasons of his/her inexperience and/or habitually negligent driving which was known to Defendant owner or, in the exercise of reasonable care, should have been known to Defendant owner;

l. Failed, upon approaching an open intersection, to yield the right-of-way to another vehicle simultaneously entering an open intersection from the right, in violation of Michigan Statute;

m. Failed, upon approaching an open intersection, to yield the right-of-way to another vehicle which had already entered the intersection from a different highway, in violation of Michigan Statute;

n. Failed, upon approaching an intersection where there was a sign bearing the message "yield right of way," to stop or slow to a reasonable speed and to yield the right-of-way to all traffic on the intersecting street which was so close as to constitute an immediate hazard, in violation of Michigan Statute;

o. Failed to obey the red light of the traffic control signal facing him/her, and failed to come to a stop before entering the intersection, and failed to remain standing until green was shown alone, in violation of Michigan Statute;

p. Operated said vehicle on the left half of the highway in violation of Michigan Statute;

q. Failed to approach for a right turn as close as practical to the right-hand curb or edge of the roadway and/or failed to make a right turn from the lane as close as practical to the right-hand curb or edge of the roadway in violation of Michigan

Statute;
r. Failed to observe traffic signals and/or signs placed on said highway, and failed to obey said traffic signals and/or signs;
s. Failed to give any signal by hand, arm, mechanical or electrical means to signal or warn others that Unknown Driver was going to move his/her vehicle from one lane to another on the highway, and/or illegal turn, in violation of Michigan Statute;
t. Failed to drive his vehicle as nearly as practicable entirely within a single lane;
u. Operated said vehicle from one lane to another lane of traffic without first ascertaining that such movement could be made safely;
v. Failed to remain at the scene of a personal injury accident, provide information and give or offer assistance to the injured, in violation of Michigan Statute;
w. Intending to turn left, did not yield the right-of-way to Plaintiff's vehicle, which was closely approaching from the opposite direction, in violation of Michigan Statute;
x. Before turning left, did not ascertain that such movement could be made safely and did not give a warning signal to other drivers, in violation of Michigan Statute;
y. Failed, upon approaching an intersection where there was a sign bearing the message "stop," to stop and yield the right-of-way to all traffic on the intersecting street, which was so close as to constitute an immediate hazard;
z. Failed to obey the flashing red light of the traffic control signal facing Defendant Driver, and failed to come to a stop before entering the intersection, and failed to remain stopped until all traffic on the intersecting street, which was so close as to constitute an immediate hazard, had passed;
aa. Driving said vehicle upon the highway or other places open to the general public without lighted lamps and illuminating devices as required under the conditions then and there existing in violation of Michigan Statute.

41. That Plaintiff sustained personal injuries as a direct and proximate result of the uninsured motorist's negligence as herein alleged.

42. That as a direct and proximate result of the negligence of the Uninsured Driver's vehicle, which struck the Plaintiff's vehicle, her agents, servants and/or employees, either real or ostensible, as aforesaid, the Plaintiff:

a. sustained severe bodily injuries which were painful, disabling, and necessitated medical care;
b. suffered shock and emotional damage;
c. sustained possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;
d. was and/or may continue to be unable to attend to her usual affairs and daily activities including, but not limited to, household chores, and personal needs;

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

-11-

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

e. was unable to render services as formerly including, but not limited to, household chores, and personal needs;
f. hampered said Plaintiff in the enjoyment of the normal pursuit of life as formerly;
g. sustained injuries that are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future;
h. will continue to have pain and suffering in the future and impairment and disabilities as well as permanency;
i. suffered mental anguish;
j. suffered fright;
k. suffered from embarrassment and humiliation;
l. suffered from a loss of enjoyment of life and/or hampered Plaintiff in the enjoyment of the normal pursuit of life;
m. sustained any and all hedonic damages, both past and future;
n. sustained injuries that are permanent and Plaintiff will continue to have said damages in the future; and/or
o. sustained damages that are past and future;
p. suffered excess economic damages, wage loss, and replacement services;
q. sustained any other damages which are applicable and which are recoverable pursuant to statute, case law, and Michigan Court Rules.

43. That as a direct and proximate result of the negligence of the Uninsured Driver, and the resulting injuries to Plaintiff, said Plaintiff sustained a serious impairment of an important bodily function which is objectively manifested and affects his general ability to lead a normal life and/or permanent, serious disfigurement.

44. That as a direct and proximate result of the negligence of the Uninsured Driver and the resulting injuries to Plaintiff, said Plaintiff sustained a serious impairment of a bodily function, as an objectively manifested impairment of an important body function that affects a person's ability to lead Plaintiff's normal life and/or a permanent, serious disfigurement, and/or a serious neurological defect (closed-head injury).

45. That on said date and time, there was an insurance policy in full force and effect which provided uninsured motorist benefits, which was purchased from Defendant Insurance Company.

46. That said uninsured motorist policy was in effect as a source of recovery where the Plaintiff would have been entitled to recover from the owner or operator of the vehicle which struck her, but for that vehicle being uninsured.

47. That no information has been provided by the Defendant Driver/Defendant Owner regarding insurance, and under information and belief, the Defendant Driver/Defendant Owner is uninsured and demand for uninsured motorist benefits has been made to the Defendant Insurance Company.

48. That Defendant Insurance Company unreasonably and unlawfully refuses or neglects to pay Plaintiff in accordance with its uninsured motorist policy, and is therefore in breach of contract.

49. That based upon information and belief provided to Plaintiff by the Defendant Insurance Company herein, the uninsured motorist provisions as above-stated do not require that the uninsured motorist claims be arbitrated rather than pursued in circuit court.

50. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff prays for damages in his favor and against the Defendant Insurance Company, in whatever amount Plaintiff is found to be entitled, together with interest, costs and attorney fees.

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

Respectfully submitted,


Reifman
LAW FIRM, PLLC

By: /s/Steven W. Reifman
Steven W. Reifman (P25208)
Attorney for Plaintiff
3000 Town Center – Suite 2800
Southfield, Michigan 48075
248.932.4000

Dated: June 8, 2017

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

-14-

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through Plaintiff's attorneys, REIFMAN LAW FIRM, PLLC, and hereby demands a trial by jury of the within cause.

Respectfully submitted,



By: /s/Steven W. Reifman
Steven W. Reifman (P25208)
Attorney for Plaintiff
3000 Town Center – Suite 2800
Southfield, Michigan 48075
248.932.4000

Dated: June 8, 2017

Reifman Law Firm, PLLC
Attorneys at Law
3000 Town Center, Suite 2800
Southfield, MI 48075
248-932-4000

-15-